**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4592

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN F. CLARK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Jr., Senior District Judge. (4:08-cr-00124-HCM-JEB-1)

Submitted: August 11, 2010      Decided: February 7, 2011

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Larry M. Dash, Assistant Federal Public Defenders, Norfolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Timothy R. Murphy, Special Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen F. Clark appeals his convictions and sentence for possession with the intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B)(iii) (West 1999 & Supp. 2010) (Counts One and Three); using a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006) (Count Two); and possession of marijuana, in violation of 21 U.S.C. § 844 (2006) (Count Four). Clark raises two issues on appeal. First, Clark contends that the district court abused its discretion in denying his attorney's motion to withdraw from representation. Second, though conceding his argument contravenes binding circuit precedent, Clark contends that the district court erred in determining he was subject to a five-year mandatory minimum consecutive sentence under 18 U.S.C. § 924(c)(1)(A) on Count Two, as Clark was already subject to a ten-year mandatory minimum sentence for Count One. We affirm.

Whether to allow a defendant to substitute counsel rests in the sound discretion of the trial court. United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). When determining whether a district court abused its discretion in disallowing the substitution of counsel, we consider three factors: "(1) the timeliness of [the request]; (2) the adequacy of the court's inquiry into [Clark's] complaint about counsel;

2

and (3) whether [Clark] and his counsel experienced a total lack of communication preventing an adequate defense." United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004) (quoting Mullen, 32 F.3d at 895) (internal quotation marks omitted). After reviewing the record, we conclude that the district court did not abuse its discretion in denying Clark's attorney's motion to withdraw.

Next, Clark asserts that the district court erred in determining that he was subject to a five-year mandatory minimum consecutive sentence on Count Two, because he was already subject to a ten-year mandatory minimum sentence on Count One. Clark concedes that this claim is foreclosed by this court's holding in United States v. Studifin, 240 F.3d 415, 423 (4th Cir. 2001). Because a panel of this court cannot overrule the precedent set by a prior panel, Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002), and because the statutory interpretation adopted in Studifin was recently confirmed by Abbott v. United States, 562 U.S. ___, 131 S. Ct. 18 (2010), we conclude that this claim is without merit.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED